LUZ ELVIA BHULLAR #16252-097
FCI Dublin
Federal Correctional Institution
5701 8th Street – Camp Parks
Dublin, CA 94568

FILED
JUL 31 2007
E-filing
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO – ~~OAKLAND~~ DIVISION

LUZ ELVIA BHULLAR,

    Petitioner,

vs.

SCHELIA A. CLARK, Warden, Federal Corrections Institution - Dublin,

    Respondent.

No. C 07 3937 SBA

PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

(PR)

PETITIONER, LUZ ELVIA BHULLAR, seeks relief from the execution of her sentence, pursuant to 28 U.S.C. § 2241, on the grounds that she is in the custody of the Bureau of Prisons ("BOP") under circumstances in which BOP by regulation refuses to exercise its discretion to allow her the "full benefit" of six months of pre-release placement at a Community Corrections Center ("CCC") in violation of federal law. Due to the unlawful execution of Petitioner's sentence, Petitioner seeks this Court to grant said petition and to order BOP to exercise its discretion to place Petitioner in a CCC for six months as permitted by federal law. The petition herein supports such relief as set forth more fully below:

1. **Custody**

Petitioner is in the custody of the BOP serving her 30-month federal sentence at Federal Correctional Institution ("FCI") Dublin, in Dublin, California, with a projected release date of April 3, 2008.

Petition For Writ of Habeas Corpus
(28 U.S.C. § 2241)

**2. Reason for Custody**

Petitioner is in BOP custody pursuant to a conviction for Sale of citizenship documents – 18 U.S.C. 1427, Aggravated I.d. Theft - 18 U.S.C. 1028A (a)(1) and Sale of SSN Card - 18 U.S.C. 408 (a)(7)(c) after a guilty plea on September 28, 2006. She was sentenced to 30-months imprisonment on October 18, 2006, by the Honorable David F. Levi, Eastern District Court Judge.

**3. Execution of Sentence in Violation of Federal Law**

In the event Petitioner is not granted a transfer to a half way house within six-months of her release date from federal prison, her continued custody would be in violation of federal law. By regulation, BOP does not grant more than 10 percent of an overall term of imprisonment under its prerelease program in a CCC, even though federal law allows BOP to designate federal inmates to a CCC facilities for a period of six months. *See* Attachment A 28 CFR § 570.21. Due to BOP regulations, Petitioner will receive just 90 days of prerelease placement in a CCC because of the BOP 10-percent rule.

**4. Subject Matter Jurisdiction**

This Court has jurisdiction pursuant to 28 U.S.C. § 2241. When an inmate challenges the manner the BOB executes a sentence, she must bring this request before a federal district court with jurisdiction over the custodian, since § 2241 acts upon the person who is holding the individual in allegedly unlawful custody. *See* 28 U.S.C. § 2241; *Braden v. 30th Judicial* Cir. Ct. Of Kent., 410 U.S. 484, 494-95 (1973).

**5. Exhaustion of Administrative Remedies**

Petitioner is in the process of exhausting her administrative remedies through the BOP's administrative appeals process. Exhaustion of administrative remedies is not; however, a statutory or jurisdictional requirement for habeas relief under 28 U.S.C. § 2241. *Rivera v. Ashcroft*, 394 F.3d 1129, 1139 (9th Cir. 2005). A failure to exhaust administrative remedies does not deprive the Court of jurisdiction over a § 2241 petition. *Id.* When a § 2241 petitioner fails to exhaust administrative remedies, the district court must decide whether to excuse the failure to exhaust and reach the merits or to require exhaustion. *Id.*; see *Arreola-Arreola v.*

*Ashcroft*, 383 F.3d 956, 965 n.10 (9th Cir. 2004) (exhaustion maybe waived). If Petitioner prevails in this petition, she would be entitled to be transferred to a CCC as soon as October 4, 2007.

Given the short span of time left on her sentence, and the fact that the BOP would need time to exercise its discretion if the Court granted Petitioner the relief she seeks, she asks the Court to waive any failure to exhaust and reach the merits of her claim. Moreover, the Court may excuse a failure to exhaust administrative remedies and reach the merits of a § 2241 petition when exhaustion would be futile. *See*, *e.g.*, *Laing v. Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 2004). Exhaustion of administrative remedies would be futile here because the BOP likely would reject Petitioner's appeal based on its official policy that she is challenging. For these reasons, the Court should reach the merits of this petition.

6. **Argument**

The BOP policy at issue is at odds with its authority under federal law giving BOP discretion to grant up to six months in a CCC for any federal inmate sentenced by a federal district court. The policy strips BOP of any discretion to consider the full six-month benefit of prerelease, even though federal law allows for such discretion. Under the relevant federal statutes, BOP has authority to designate an inmate to any place of imprisonment. 18 U.S.C. § 3621(b). That statute reads as follows:

> (b) Place of Imprisonment. -- The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering - (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence - (A) concerning the purpose for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a) of title 28. 18 U.S.C. § 3621(b).

In designating the place of imprisonment or making transfers under this section, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. 18 U.S.C. § 3621. This statute permits the designation of inmates to a CCC at any point during an inmate's term of imprisonment. *Flood v. Jeter*, 386 F.3d 841, 846-47 (8th Cir. 2004) (BOP has authority to transfer an inmate to a CCC at any time during service of inmate's sentence); *Goldings v. Winn*, 383 F.3d 17, 23-27 (1st Cir. 2004) (same).

18 U.S.C. § 3624(c) reads in pertinent part: -- The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to prisoner during such pre-release custody. 18 U.S.C. 3624(e).

BOP's policy of limiting pre-release to only 10 percent of an inmate's term vitiates the discretion given to BOP by statute to designate or transfer an inmate to a CCC at any time during the inmate's prison term in violation of federal law.

Two significant reported district court cases have addressed this identical issues and ordered BOP to exercise its discretion in the manner requested here. *United States v. Paige*, 369 F. Supp. 2d 1257 (D. Mont. 2005); *Pimentel v. Gonzales*, 367 F. Supp. 2d 365 (E.D.N.Y. 2005). Both cases have granted relief by entering an order requiring BOP to exercise of its full authority and to consider designating the petitioners to a CCC without regard to any policy BOP may have limiting such pre-release placement. *Paige*, 369 F. Supp. 2d at 1263; *Pimentel*, 367 F. Supp. 2d at 376. In addition, all four circuits that *have* addressed the validity of the BOP policy at issue here, 28 C.F.R. § *570.21,* have found it invalid. *Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007); *Levine v. Apker*, 455 F.3d 71 (2d Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088, 1092 (8th Cir. 2006); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005).

Here, as in these cases, Petitioner asks the Court to give her the full benefit of consideration for a pre-release placement of six months, as provided for by statute.

**7. Prayer for Relief**

Wherefore, Petitioner prays that the Court issue the writ or issue an order directing the Respondent to show cause why the writ should not be granted with such return be made with three days from the order to show cause, not to exceed 20 days by extension for good cause. 28 U.S.C. § 2243. Petitioner further *prays* that this petition be granted and that the Court order BOP, "in good faith, to consider the appropriateness of transferring the petitioner to a community confinement center in light of the factors set forth in Section 3621(b) and any individual factors deemed appropriate by the BOP, without reference to the BOP policy promulgated in December 2002 and without reference to 28 C.F.R. § 570.21." *Pimentel*, 367 F. Supp. 2d at 376. It is further requested that the Court order BOP "to make this determination promptly, and, in no event, later than ten (10) days from the date of the order. *Id*

Further, Petitioner requests appointment of counsel under the Criminal Justice Act to represent her in this matter.

Dated: July  , 2007

Respectfully submitted,

By: [signature] 7-27-07
LUZ ELVIA BHULLAR

```
   DUB00              *       PROGRAM REVIEW REPORT            *      12-05-2006
   PAGE 001                                                           06:03:27
```

INSTITUTION: DUB   DUBLIN FCI

NAME........: BHULLAR, LUZ ELVIA                    REG. NO: 16252-097
RESIDENCE..: SACRAMENTO, CA 95670

TYPE OF REVIEW......: (INITIAL CLASSIFICATION)/ ~~PROGRAM REVIEW~~
NEXT REVIEW DATE....:   3-5-07

PROJ. RELEASE DATE..: 04-03-2008           RELEASE METHOD.: GCT REL
PAROLE HEARING DATE.: NONE                 HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW:   3-5-07      DETAINERS (Y/N): N

CIM STATUS (Y/N)....: N            IF YES, RECONCILED (Y/N):  N/A

PENDING CHARGES.....:   NONE KNOWN

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B)  (Y/N)....:  NO
   IF YES - CIRCLE ONE - DR~~UG TRAFFICKING~~/CURRENT ~~VIOLENCE~~/~~PAST VIOLENCE~~

| CATEGORY | | CURRENT ASSIGNMENT | EFF DATE | TIME |
|---|---|---|---|---|
| CUS | OUT | OUT CUSTODY | 11-01-2006 | 1039 |
| EDI | ESL HAS | ENGLISH PROFICIENT | 11-30-2006 | 1500 |
| EDI | GED UNK | GED STATUS UNKNOWN | 11-09-2006 | 1245 |
| FRP | UNASSG | FINANC RESP-UNASSIGNED | 10-25-2006 | 0829 |
| LEV | MINIMUM | SECURITY CLASSIFICAT'N MINIMUM | 10-25-2006 | 0842 |
| MDS | NOT MED CL | NOT MEDICALLY CLEARED | 11-09-2006 | 1303 |
| QTR | S06-073L | HOUSE S/RANGE 06/BED 073L | 11-09-2006 | 1906 |
| RLG | UNKNOWN | RELIGION UNKNOWN | 10-25-2006 | 0829 |
| WRK | C-UNASSG | CAMP UNASSG | 12-01-2006 | 0001 |

WORK PERFORMANCE RATING:   N/A

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW:   NONE

FRP PLAN/PROGRESS:   TRUST FUND DEPOSITS PAST 6 MO: $   450

FRP PAYMENTS PAST 6 MO: $   0        OBLG BALANCE: $  300

CURRENT FRP PLAN: $   0       PAYMENTS COMMENSURATE: YES ___ / NO ✓

IF NO, NEW PAYMENT PLAN:   BEGIN $25/OU

RELEASE PREPARATION PARTICIPATION:   TAKE 1 CLASS FROM
EACH OF 6 SECTIONS BEFORE RELEASE 4-3-08.
COMPLETE 2 SECTIONS OF CHOICE BY 3-5-07



LUZ BHULLAR 16252-097
FEDERAL PRISON CAMP
5675 8th STREET-CAMP PARKS
DUBLIN, CALIFORNIA 94568

OAKLAND CA 94615
2007 PM JUL 27

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
PHILIP E. BURTON COUTHOUSE AND FEDERAL BLDG.
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA 94102

RECEIVED
JUL 3 0 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA