FILED
SEP 13 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
AT SAN FRANCISCO

LUZ ELVIA BHULLAR                )   CASE NO. C 07 3937
                                 )
  Petitioner,                    )
                                 )
  v.                             )   AMENDED REPORT AND RECOMMENDATION
                                 )
MR. COPENHAVER (WARDEN)          )
                                 )
  Respondents.                   )
_____)

INTRODUCTION

Petitioner Luz E. Bhullar is a federal prisoner who is currently serving A 30-months sentence. She is not represented by no appointed counsel, she Has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C 2241. The petition challenges a regulation issued by the federal Bureau of Prison ("BOP") and violates BOP's statutory authority. which limits the amount of Time that an inmate may serve in "coummunity confinement," or at a halfway House. The BOP prevent her from being considering for a halfway house or to Community confinement, until she has served 90% of her sentence violating Thier statutory. The statute that authorizes BOP to place prisoners in an Appropriate facility, 18 U.S.C. 3621(b) ("the statute"), provides as follow:

> (b) Place of imprisonment- The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any availabel penal of correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-

AMENDED REPORT AND RECOMMENDATION
PAGE 1 of 5

01-      (1) the resources of the facility contemplated;

02-      (2) the nature and circumstances of the offense;

03-      (3) the history and characteristics of the prisoner;

04-      (4) any statement by the court that imposed the sentence--

05-         (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
06-         (B) recommending a type of penal or correctional facility as appropriate; and
07-      (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
08-

09-   In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of
10-   high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from
11-   one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the
12-   Bureau determines has a treatable condition of substance addiction or abuse.
13-

14- The BOP started limiting placement in halfway houses to 10% of a prisoner's

15- Term, or six months, whichever was less. In 2004, two circuit courts of

16- appeals found that BOP's new interpretation of the statute and limitation

17- on placement was contrary to the plain language of the statute, which permitted

18- BOP to transfer a prisoner to a halfway house at any time. See Elwood v. Jeter,

19- 386 F.3d 842(1st Cir. 2004). In response to these rulings, BOP adopted a new

20- tact and issued a regulation that it termed "its categorical exercise of discretion

22- for desgnation inmates to community confinement when serving terms of imprisonment.

23-    At the outset, the Court notes that the majority of courts that have considered

24- this issue, including the three circuit courts of appeals to have addressed it,

25- have found that the regulation conflicts with the statute. In addition, most of

26- these courts have found that the statute's meaning is clear and that no deference

27- to BOP's interpretation is required. The statute unambiguously grants BOP authority

28- to place prisoners in an appropriate facility at any time.

AMENDED REPORT AND RECOMMENDATION
PAGE 2 of 5

01- See 18 U.S.C. 3621(b); Woodall v. Federal Bureau of Prisons, 432 F.3d at 240
02- Because the text of the statute is clear, no deference to BOP's interpretation
03- of the statute is required. See Contract Management, Inc. v. Rumsfel, 434 F.3d
04- 1146-47. The regulation is impermissibly at odds with the statutory scheme
05- because the regulation categorically limits the amount of time that maybe spent
06- in a halfway house and it imposes that limit without regard to the statutory
07- factors that Congress mandated BOP to consider. See Woodall, 432 F.3d at 245;
08- Levine, 455 F.3d at 80-82. Thus, in changing the previous policy and issuing
09- this new regulation, BOP misconstrued the underlying statute in which will
10- benefit them only, and the regulation in conseqently invalid. The statute does
11- not say that no more than 10% of the sentence may be served in such a facility,
12- except to say that in no case should the time spent exceed six months. The
13- underlying statute in Lopez, 18 U.S.C. 3621(e)(2)(B), "provided that BOP may
14- reduce the prison term of an inmate convicted of a 'nonviolent offense' if the
15- prisoner successfully completes a substance abuse program." Woodall, 432 F.3d
16- at 246 (citing Lopez, 531 U.S. at 232) (emphasis in original). I have completed
17- the 40 hours drug program and I am a 'nonviolent offense' after going threw with
18- the BOP remedy regulations in which the petitioner askes for a full term of the
19- six months halfway that will afford the petitioner a reasonalble opportunity
20- to adjust to and prepare for the petitioner's re-entry into the community".
21- The BOP's duty under the statute does not extend beyound the last six months of
22- the petitioner's sentence. 18 U.S.C.A. 3621(b), 3624(c). " The exhaustion of
23- adminsitrative remedies is not jurisdictional". Petitioner still followed the
24- BOP's regulations in exhausting her remedies starting on April 23, 2007. In which
25- Respondent argues, in response, that the petitioner is serving a 30 months
26- sentence and a 79-days is an appropriate refferral per Bureau policy, inwhich
27- the last ten percent is appropriate. The petitioner argues, that the 79-days
28- is not enough time for her to look for a job as a felon and to save up the

01- Minimum amount of money for an apartment for her and her family.
02- Petitioner argues that the BOP are taking advantage of the interpretation
03- that Congress had addressed to transfer inmates to a halfway house at anytime
04- but not to exceed the six months.  Therefore holding inmates in the BOP
05- facility will benefit as income the BOP only.  The main issue here is the
06- inmates best interest into the community and the BOP is not giving the
07- benefit of the full six months at the halfway house in which will benefit
08- the inmates in advancing into the community and saving up the least minimum
09- in order to be temporary financial stable.  This will help the petitioner
10- a great deal and not fall into a very poor status.  The Congress intention
11- were the full six months benefit head start into the community.  The BOP
12- regulations are for inmates to exhaust thier remedies but, after of months
13- exhausting these remedies the Respodent's answers are all the same in which
14- the 10% will be enough time into adjusting into the community and getting
15- financially stable plus taking the full month to reponse each remedie.
16- Petitioner has asked the BOP for the six months transfer as early as April 07.
17- See exhibits (A) for the remedies request, in which the remedy was stopped
18- and returned to the petitioner because it was a waste of time for the BOP
19- It was signed by the Camp Administrator Mr. Bill Kubitz.  The BOP has no
20- intentions of releasing the inmate any sooner than what they will have to.
21- Petitioner argues that if the court will expidite the court's motion from the
22- petitoners request to the halfway house and also expidite the amount given
23- to the BOP because the six months will start on October 4, 2007.  and the
24- BOP are trying to use the time up in order not to give us the full benefit
25- of the six months halfway house, See exhibits (B) Respondent's response to the
26- remedies.  Petitioner also is a diabetic with many other medical condition
27- A history of an open heart surgery and a heart attack, also high blood
28- presure which was seen by the Camp Prison doctor, Dr. Pang and has advised

01-   Ms. Bhullar that she is in a high risk for another heart attack as the medical
02-   Record indicates.  She is presently seeking medical attention at the prison for
03-   her heart condition.  The petitioner is insulin dependent and needs an MRI Test
04-   On her left foot caused by an in-grow bump, condition is unknown without the test
05-   The BOP states that by Jan 16, 2008. petitioner can take care of it.  Petitioner
06-   fears for her leg since she is diabetic and her readings are too high daily.
07-   Petitoner needs medical attention in which she seeks professional medical care.
08-   The BOP still refuses to release her to any medical attention that she can advance
09-   In the custody of the halfway house.  The petitioner prays for a transfer to the
10-   Halfway house no later than October 4, 2007.  Petitoner also prays for an immediately
11-   reponse from the Judge if possible because, the BOP has already responded in
12-   Three different remedies with the same answer, therefore petitoner believes that
13-   The BOP will not change there mind upon thier 10%. please See again exhibit (B).
14-   Petitioner askes the Judge if YOUR HONOR will grant the petition or give the
15-   BOP lesser days then the sixty days, cause of her medical needs.
16-
17-   Thank you kindly.

April 23, 2007

(Petitioners Request)

Warden, FCI Dublin
Mrs. Schelia A. Clark
5701 8th Street
Dublin Ca. 94568


Pro Se:

Reg :    Luz Bhullar-16252-097
Case No. 206CR00056-01


Dear Mrs. Clark


First, I want to thank you for your time and personal attention,
As well as, for supporting the 2241 program. Especially for
Those who can really use it. I am filing for a 2241 motion in
Order to get an extra 3 1/2 months a total of six months for the
CCC program. I pray for your support because I really need this
Program, Please.. consider my goals and my progress report.


I am a United States Citizen and a mother of four daughters.
Here, when I got arrested I lost our home, furniture and clothing
for me and my kids. Therefore I can use the CCC program in order
to work hard and save some money so that I can get my kids a home
and get them back, they are my air and I need them as much as I
need them. PLease with your support I can meet my goals, and
get me and my kids back on our feet the right way.


I have taken full reponsabilities for my actions and surrendered
to the FBI office in Sacto, and was held as a flight risk and I
did 10 months at the maximun security county main jail and then
moved here at free Camp risk. I have done a very Harsh punishment.


I was sentences to 30 mos and the judge last words were, that he
recommended the 500hr drug program for me so it will give a year
off my sentence, and a six month half way house, which I didn't
qualify for the year off because, I alfeady did my time at the
county main jail maximum security and therefore theres no time left.
The six months is only a 2 1/2 months in which you can only make
that decission. In addition the probation officer had upper my
sentence by 3 extra levels and it cause my sentence to be a higher
sentence but, since I waived my rights there is nothing I can do.

I believe that my time would had been served if I would had a way to fix the Probation Report error.

Mrs. Clark I also want to let you know that I have done alot of progress in the camp. I have a letter from the Army for my hard work and I have also completed a few classes at the camp. The e-mail letter from the Army should be on my progress report.

My Goals are to work and get my kids back. The Camp is not much different from the CCC program other then I can save some money for a home. Again, I truly hope to get your support in this extra 3 months, I can really use this program and beside I am insulin dependant and have many heart conditions and do seek a heart medical doctor and pills. I had A heart Attack and a open heart surgery previously but, I am alive.

I will again, personally thank you for your support on this program and I also have heard many nice things about you from the girls at Camp.

Here is my attorney's name and address if he may assist you in any futher way. But, I would like to get a reply from you regarding this letter if possible.

Thank you

Sincerely yours

Joseph Wiseman
Attorney at Law
1477 Drew Avenue, suite 106
Davis, Ca. 95618
530-759-0700

BP-S148.055  **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                                   FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| MR. COPENHAGER  {WARDEN} | 07-31-07 |
| FROM: | REGISTER NO.: |
| LUZ ELVIA BHULLAR | 16252-097 |
| WORK ASSIGNMENT: | UNIT: |
| food service | C1 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Dear: Mr. COPENHAGER

This is a Law suit that I have filed in the Northern District Court. I had previously done a BP-9 in which Mr. Kubitz refused to process for me. He stated that it was a waste of time for everyone to process it and type Up a refusale answer. I forwarded to my attorney in Sacto and he put a law Suit against the BPO {warden} I have forward the copy that my attorney did Striaght to the Region Office and it's very simular to this one that have made for you. My request is to get an extra 3 1/2 months in order to complete My 6 months half way house at the CCC program. I have done more than 85% of my time. I have completed all my RPP classes requirements and I have a job waiting for me. I am Diabetic and have heart problems seeking my regular Doctors. I have a few more months and I am not waiting for no drug programs.

(Do not write below this line)

DISPOSITION:

see other page

Signature Staff Member                  Date

Record Copy - File; Copy - Inmate         This form replaces BP-148.070 dated Oct 86

# Response to Inmate's Request to Staff (Respondents)

BHULLAR, Luz Elvia
Reg. No. 16252-097
Camp

This is in response to your Inmate Request to Staff dated April 23, 2007, in which you requested a 6-month Residential Reentry Center placement.

Federal Regulation 28 CFR § 570.20 outlines the Bureau's authority to designate inmates to community confinement. If eligible, the Bureau may designate inmates to community confinement during their last ten percent of the prison sentence being served, not to exceed six months. The Bureau designates this RRC eligibility date as the Pre-Release Preparation Date. Our investigation reveals you are serving a sentence of 30 months. Your projected release date is April 3, 2008, and your Pre-Release Preparation Date is January 16, 2008. Your Pre-Release Preparation Date represents a potential referral for RRC placement for 79 days. Our review indicates this is an appropriate referral per Bureau policy.

I trust this information has addressed your concerns.

_____     5-22-07
Schelia A. Clark, Warden                Date

cc: Central File

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**Western Regional Office**

Office of the Regional Director

7950 Dublin Boulevard, Third Floor
Dublin, California 94568

August 7, 2007

Luz E. Bhullar
Reg. No. 16252-097
FCI Dublin
Federal Correctional Institution
5701 8th Street, Camp Parks
Dublin, CA 94568

RE:   Inmate Request to Staff

Dear Ms. Bhullar,

We have received your request for additional time in a Residential Reentry Center (RRC). The administrative remedy process is the appropriate vehicle for you to submit your request. Please utilize this process. You can obtain the appropriate forms from your unit team.

Sincerely,

Robert E. McFadden
Regional Director

# ADMINISTRATIVE REMEDY NO. 463083-F1 FCI DUBLIN

**BHULLAR, Luz**  
**Reg. No. 16252-097**  
**Unit Camp**

**Part B - Response**

This is in response to your Request for Administrative Remedy received August 10, 2007, wherein you state you were not given a six month Residential Re-entry Center (RRC) placement. For relief, you request a six month RRC placement.

On December 13, 2002, the United States Department of Justice, Office of Legal Counsel, informed the Federal Bureau of Prisons they could not place inmates in home confinement, an RRC, or a combination of the two for longer than 10% of their sentence length or a maximum of 6 months. This ruling supercedes Program Statement 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedures, dated December 12, 1998.

The aforementioned Program Statement further states on Page 7, Section 8c that, "A final and specific release preparation plan, including a decision as to CCC referral, is normally established at a team meeting no later than 11 to 13 months before an inmate's projected release date." Your Unit Team will make an RRC recommendation which will be forwarded to me for approval.

Therefore, based upon the above information, your request for relief is denied.

If you are dissatisfied with this response, you may file an appeal to the Regional Director, Western Regional Office, Federal Bureau of Prisons, 7950 Dublin Boulevard, 3rd Floor, Dublin, California 94568, within twenty (20) days from the date of this response.

_____  
Paul Copenhaver, Warden

_____  
Date