1  LUZ ELVIA BHULLAR (16252-097)
   FEDERAL PRISON CAMP
2  5675 8th STREET, CAMP PARKS
   DUBLIN, CA. 94568
3  (PRO SE)



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION


LUZ ELVIA BHULLAR,            )    Case No.   C 07-3937-SBA
                              )
         Petitioner,          )
                              )
VS.                           )
                              )
MR. COPENHAVER, (WARDEN)      )    OPPOSITION TO RESPONDENT
                              )    FOR WRIT OF HABEAS CORPUS
         Respondent.          )
                              )
_____)


INTRODUCTION AND OPPOSITION ARGUMENT

PETITIONER, LUZ ELVIA BHULLAR, seeks relief from the execution of her sentence, pursuant to 28 U.S.C, 2241, on the grounds that she is in the custody of the Bureau of Prisons ("BOP") under circumstances in which BOP by regulation refuses to exercise its discretion to allow her the "FULL BENEFIT" of six months of pre-release placement at a Community Corrections Center("CCC") in violation of federal law.  The federal law states See 28 C.F.R 570.21(a) NOT to exceed six months of the inmates sentence. The BOP adopted a new regulation to reduce the inmates "FULL BENEFIT" into the last 10% of the inmates sentence, without the consideration of the Congress intent and the inmates re-entry into the community and stand financially stable with the support of the full six months benefit into the CCC program.  Six months is a very decent amount of time to seek for a job and save money for living expenses and restore all the lostes, as to home, furniture, transportation and clothing, including kids.

1  in order to reenter into society successfully, and not thrown out within a short
2  period of time into the street as a poor person. The Congress intent under See.
3  18 U.S.C. 3621.  3. HALFWAY HOUSES, Due process rights of former inmate at private
4  halfway house were not violated by Bureau of Prisons'. See. 18 U.S.C. 3624 statute
5  requiring Bureau of Prisons to afford prisoner reasonably opportunity to adjust to
6  and prepare for re-entry into community, not to exceed six months. Respondent
7  opposes the petitioner for not exhausting her administrative remedies. On Exhibits (A)
8  Is the petitioners request for her administrative remedy and on Exhibits (B) is the
9  respondent's answer to the administrative remedies and not to one inmate but, rather
10 refuses to give out the administrative remedies to inmates in order to violate them
11 in the district court. It is known that the respodent has stop handling the proper
12 administrative remedies to all inmates. First, is a violation to the BOP regulation
13 to denied any administrative remedies to inmates but, because the respondents has played
14 the role of dismissing with the courts favor the writ of habeas corpus under 28 U.S.C 2241
15 for not exhausting the administrative remedies has been a futile and here because
16 the BOP is very firm in it's answer in not giving more than 10% of the inmates sentence
17 into the transfer CCC program at the halfway house. Here, the following inmates has
18 been refused by the counselors a BP-9, BP-10 or ect, which are the administrative
19 remedies therefore, all inmates will not have a way of exhausting thier administrative
20 remedies in which dismisses thier writ of habeas corpus in court. inmates, Cynthia Rojero
21 Cs. No. C074655, Estela espinoza Cs. No.C075174, Janice Chavez Cs. No. C073938 and
22 Cristobal Sandra Cs. No.C074774 and Luz Bhullar Cs. No. C073937. have been all denied
23 the remedies. This should all be connected as to Mr. Dennis Wong's request to relate
24 all the cases.

25                    EXHAUSTION OF REMEDIES

26   Petitioner has exhausted her administrative remedies in a different form by a lack
27 of recieving one threw the proper channels. she has converted into a letter and to a
28 form of a complain, See Exhibit (C) in which the Warden directed a different counselor

to personally give me a BP-9 (administrative remedy) dated August 6,2007 and recieving a response on September 20,2007. after a month and a half later, in which it requestes that I see my unit team for recommendation for an approval after seeing the unit team manager, my request was denied on the spot. Exhaustion of administrative remedies is not; however, a statutory of jurisdictional requirement for habeas relief under 28 U.S.C. 2241. Rivera v. Ashcroft, 394 F.3d 1129,1139 (9th cir 2005). A failure to exhaust administrative remedies does not deprive the Court of jurisdiction over a 2241 petition. Id. When a 2241 petitioner fails to exhaust administrative remedies, the district court must decide whether to excuse the failure to exhaust and reach the merits or to require exhaustion. Petitioner has meet the BOP's administrative remedies although she had to adopt a different remedy but, it meets the same state of mind and the respondent had the opportunity to review the request and has not had a change in it's position and the exhaustion of it's remedies is a futile to drag it's feet.

## CONSIDERATION

Petitioner, prays for consideration on behalf that she has meet all the classes required by the BOP regulations and has a good rating of work history with the BOP and has a good behavior status. Petitioner was in the Sacramento county jail maximum security for her first 10 months of her sentences, in which it was a very harsh punishment and she is ready to re-enter into the community after serving her maximum sentence. She has taken full responsability for her actions and will never do the same mistake. Petitioner, has no home and has lost her furniture and transportation and needs more than the 72-days at the half-way house. She has 3 minor kids in which she needs to also support and get them back on thier feet, as a felon it will surely take some time to seek employment and to save some money for living expenses and not been thrown out to the streets as a poor person. The six months halfway house would had started on October 4, 2007, therefore, petitioner asks the Court to give her the rest of her time in a halfway house, which it will be alot lesser than the six months.

PRAYER FOR RELIEF

As provided for by statute. Petitioner prays that the Court issue the writ of issue an order direction the Respondent to grant a immediately release to a halfway house for the last four months remaining her her sentence.  It is further requested that the Court order BOP "to make this determination promptly, and in no event, later than ten(10) days from the date of the order. Id

If further needed, Petitioner requests appointment of counsel under the Criminal Justice Act to represent her in this matter.  I pray that the Court will take this matter into consideration and to right direction in order to clear Congress intent was for the transfer of the full benefit of the six months halfway house, so, that they can stand financially stable back into the community. I pray for your support.

Exhibit A

April 23, 2007

Warden, FCI Dublin
Mrs. Schelia A. Clark
5701 8th Street
Dublin Ca. 94568


Pro Se:

Reg : Luz Bhullar-16252-097
Case No. 206CR00056-01


Dear Mrs. Clark


First, I want to thank you for your time and personal attention,
As well as, for supporting the 2241 program. Especially for
Those who can really use it. I am filing for a 2241 motion in
Order to get an extra 3 1/2 months a total of six months for the
CCC program. I pray for your support because I really need this
Program, Please.. consider my goals and my progress report.


I am a United States Citizen and a mother of four daughters.
Here, when I got arrested I lost our home, furniture and clothing
for me and my kids. Therefore I can use the CCC program in order
to work hard and save some money so that I can get my kids a home
and get them back, they are my air and I need them as much as I
need them. PLease with your support I can meet my goals, and
get me and my kids back on our feet the right way.


I have taken full reponsabilities for my actions and surrendered
to the FBI office in Sacto, and was held as a flight risk and I
did 10 months at the maximun security county main jail and then
moved here at free Camp risk. I have done a very Harsh punishment.


I was sentences to 30 mos and the judge last words were, that he
recommended the 500hr drug program for me so it will give a year
off my sentence, and a six month half way house, which I didn't
qualify for the year off because, I alfeady did my time at the
county main jail maximum security and therefore theres no time left.
The six months is only a 2 1/2 months in which you can only make
that decission. In addition the probation officer had upper my
sentence by 3 extra levels and it cause my sentence to be a higher
sentence but, since I waived my rights there is nothing I can do.



I believe that my time would had been served if I would had a way to fix the Probation Report error.

Mrs. Clark I also want to let you know that I have done alot of progress in the camp. I have a letter from the Army for my hard work and I have also completed a few classes at the camp. The e-mail letter from the Army should be on my progress report.

My Goals are to work and get my kids back. The Camp is not much different from the CCC program other then I can save some money for a home. Again, I truly hope to get your support in this extra 3 months, I can really use this program and beside I am insulin dependant and have many heart conditions and do seek a heart medical doctor and pills. I had A heart Attack and a open heart surgery previously but, I am alive.

I will again, personally thank you for your support on this program and I also have heard many nice things about you from the girls at Camp.

Here is my attorney's name and address if he may assist you in any futher way. But, I would like to get a reply from you regarding this letter if possible.


Thank you




Sincerely yours



Joseph Wiseman
Attorney at Law
1477 Drew Avenue, suite 106
Davis, Ca. 95618
530-759-0700

Mailed 5-24-07

Exhibit A

MAY 24, 2007

MRS. SCHELIA A. CLARK
5701 8TH STREET
DUBLIN, CA. 94568


REG:    LUZ BHULLAR 16252-097
CASE #: 206CR00056-011

SUBJECT:   CCC PROGRAM FORM 8.5


DEAR:  MRS. CLARK

I AM WRITTING IN REGARDS TO THE FORM 8.5 CAP-OUT THAT I HAD PREVIOUSLY MAILED ON APRIL 24, 2007. AS TO TODAY IT HAS BEEN A MONTH LATER. I HAVE NOT RECIEVED A RESPONSE FROM YOU REGARDING THE CCC PROGRAM.

I HAVE FORWARD A COPY TO MY ATTORNEY OF RECORD OF THE ORIGINAL LETTER AND IF YOU MAY, PPLEASE REPLY AT YOUR EARLIEST CONVIENCE. I WOULD REALLY APPRECIATE IT. PLEASE; TAKE STRONGLY INTO CONSIDERATION MY GOALS AND HOW HELPFULL THIS PROGRAM WILL BE FOR ME BEFORE MY FULL RELEASE. I PRAY FOR YOUR UNDERSTANDING OF MY NEEDS. AGAIN, I THANK YOU KINDLY FOR SUPPORTING THIS PROGRAM FOR WOMEN THAT CAN GET BACK ON THIER FEET AND GAIN THIER KIDS FINANCIALLY AND HOUSING.

MY PLEADDIS TO RECIEVE AN EXTRA 3 1/2 MONTHS AT THE CCC PROGRAM IF YOU MAY KINDLY CONSIDER THE ACTUAL FACTS OF MY NEEDS. AGAIN, I THANK YOURFOR YOUR TIME AND PLEASE REPLY TO ME DIRECTLY OR TO MY ATTORNEY.


THANK YOU

[signature]

SINCERLY YOURS

ATTORNEY
MR. JOSEPH WISEMAN
1477 DREW AVENUE, STE 106
DAVIS, CA. 95618
(530)759-0700

Exhibit A

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                                FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| MR. COPENHAGER  [WARDEN] | 07-31-07 |
| FROM: | REGISTER NO.: |
| LUZ ELVIA BHULLAR | 16252-097 |
| WORK ASSIGNMENT: | UNIT: |
| food service | C1 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Dear: Mr. COPENHAGER

This is a Law suit that I have filed in the Northern District Court. I had previously done a BP-9 in which Mr. Kubitz refused to process for me. He stated that it was a waste of time for everyone to process it and type up a refusale answer. I forwarded to my attorney in Sacto and he put a law suit against the BPO [warden] I have forward the copy that my attorney did Striaght to the Region Office and it's very simular to this one that have made for you. My request is to get an extra 3 1/2 months in order to complete My 6 months half way house at the CCC program. I have done more than 85% of my time. I have completed all my RPP classes requirements and I have a job waiting for me. I am diabetic and have heart problems seeking my regular Doctors. I have a few more months and I am not waiting for no drug programs.

(Do not write below this line)

DISPOSITION:

                                                                see other page

Signature Staff Member          Date

Exhibit B

## Response to Inmate's Request to Staff

BHULLAR, Luz Elvia
Reg. No. 16252-097
Camp

This is in response to your Inmate Request to Staff dated April 23, 2007, in which you requested a 6-month Residential Reentry Center placement.

Federal Regulation 28 CFR § 570.20 outlines the Bureau's authority to designate inmates to community confinement. If eligible, the Bureau may designate inmates to community confinement during their last ten percent of the prison sentence being served, not to exceed six months. The Bureau designates this RRC eligibility date as the Pre-Release Preparation Date. Our investigation reveals you are serving a sentence of 30 months. Your projected release date is April 3, 2008, and your Pre-Release Preparation Date is January 16, 2008. Your Pre-Release Preparation Date represents a potential referral for RRC placement for 79 days. Our review indicates this is an appropriate referral per Bureau policy.

I trust this information has addressed your concerns.

_Schelia A. Clark_           5-22-07
Schelia A. Clark, Warden      Date

cc: Central File



**U.S. Department of Justice**
**Federal Bureau of Prisons**
**Western Regional Office**

Exhibit B

---

Office of the Regional Director | 7950 Dublin Boulevard, Third Floor
Dublin, California 94568

August 7, 2007

Luz E. Bhullar
Reg. No. 16252-097
FCI Dublin
Federal Correctional Institution
5701 8th Street, Camp Parks
Dublin, CA 94568

RE:   Inmate Request to Staff

Dear Ms. Bhullar,

We have received your request for additional time in a Residential Reentry Center (RRC). The administrative remedy process is the appropriate vehicle for you to submit your request. Please utilize this process. You can obtain the appropriate forms from your unit team.

Sincerely,

Robert E. McFadden
Regional Director

Exhibit B

## ADMINISTRATIVE REMEDY NO. 463083-F1 FCI DUBLIN

BHULLAR, Luz
Reg. No. 16252-097
Unit Camp

**Part B - Response**

This is in response to your Request for Administrative Remedy received August 10, 2007, wherein you state you were not given a six month Residential Re-entry Center (RRC) placement. For relief, you request a six month RRC placement.

On December 13, 2002, the United States Department of Justice, Office of Legal Counsel, informed the Federal Bureau of Prisons they could not place inmates in home confinement, an RRC, or a combination of the two for longer than 10% of their sentence length or a maximum of 6 months. This ruling supercedes Program Statement 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedures, dated December 12, 1998.

The aforementioned Program Statement further states on Page 7, Section 8c that, "A final and specific release preparation plan, including a decision as to CCC referral, is normally established at a team meeting no later than 11 to 13 months before an inmate's projected release date." Your Unit Team will make an RRC recommendation which will be forwarded to me for approval.

Therefore, based upon the above information, your request for relief is denied.

If you are dissatisfied with this response, you may file an appeal to the Regional Director, Western Regional Office, Federal Bureau of Prisons, 7950 Dublin Boulevard, 3rd Floor, Dublin, California 94568, within twenty (20) days from the date of this response.

_____          8-23-07
Paul Copenhaver, Warden          Date

Exhibit C
B

**Response to Inmate's Request to Staff**
**BHULLAR, LUZ**
**Reg. No. 16252-097**
**UNIT: Camp**

We received your letter dated August 18, 2007 addressed to the Federal Bureau of Prisons Western Regional Office. You state that you were not permitted to process a BP-9 at the institutional level. You also request to be placed in a half-way house for six months.

On August 6, 2007 you received a BP-9 from Counselor T. Rivas, in which you request a six month halfway house placement in the community. On August 15, 2007 the BP-9 was received in the Warden's Office and a response was forwarded to you on August 23, 2007.

In this response, the Warden advised you that on December 13, 2002, the United States Department of Justice, Office of Legal Counsel, informed the Federal Bureau of Prisons they could not place inmates in home confinement, an RRC, or a combination of the two for longer than 10% of their sentence length or a maximum of 6 months. This ruling supercedes Program Statement 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedures, dated December 12, 1998.

The aforementioned Program Statement further states on Page 7, Section 8c that, "A final and specific release preparation plan, including a decision as to CCC referral, is normally established at a team meeting no later than 11 to 13 months before an inmate's projected release date." Your Unit Team will make an RRC recommendation which will be forwarded to me for approval.

_____
Paul Copenhaver, Warden

9/20/07
Date

LUZ BHULLAR 16252-097
Federal Prison Camp

OFFICE OF THE CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA 94102

AN EQUAL OPPORTUNITY EMPLOYER