JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
Assistant United States Attorney

DENNIS M. WONG (CSBN 173951)
Special Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (925)803-4760
   FAX: (415) 436-6748
   Email: dwong@bop.gov

Attorneys for Federal Respondent

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LUZ ELVIA BHULLAR,<br><br>    Petitioner,<br><br>  v.<br><br>SCHELIA A. CLARK, Warden,<br><br>    Respondent. | No. C 07-3937-SBA<br>E-FILING CASE<br><br>RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS BASED ON MOOTNESS<br><br>DATE: Tuesday, June 10, 2008<br>TIME:  1:00 p.m. |

### NOTICE OF MOTION

PLEASE TAKE NOTICE, that on the above date and time, before the Honorable Sandra Armstrong, United States District Judge, 1301 Clay Street, Oakland, California, in Courtroom 3, 3rd Floor, or as soon thereafter, the Federal Respondent, Schelia A. Clark, by and through her attorney, the United States Attorney for the Northern District of California, will bring the following Motion to Dismiss pursuant to Rule 12(b)(1)[1] of the Federal Rules of Civil Procedure

---

[1] Because standing and mootness both pertain to a federal court's subject-matter jurisdiction under Article III, they are properly raised in a motion to dismiss under Federal Rule

Respondent's Motion To Dismiss
*Bhullar v. Clark*, C-07-3937-SBA        1

and Local Rule 7. This motion is based on the Notice of Motion and Memorandum of Points and Authorities contained in this motion, such oral and documentary evidence as may be presented at the hearing on the motion, and any other factors that this Court may wish to consider.

Based on the foregoing, Respondent respectfully requests that this Court dismiss this matter because of mootness, as this Court can not grant any of Petitioner's requested relief.

## MEMORANDUM OF POINTS & AUTHORITIES

### STATEMENT OF ISSUES TO BE DECIDED

Should this case be dismissed as moot as Petitioner has been released from Bureau of Prisons ("BOP") custody?

### STATEMENT OF RELEVANT FACTS

Petitioner Luz Bhullar, Register No. 16252-097, ("Petitioner") was a federal prisoner housed at the Federal Prison Camp ("FPC") at Dublin, California, when she filed the instant habeas petition, and when the Respondents filed its Answer and Opposition on October 18, 2007. *See* previously filed Declaration of Kimberly Beakey. Subsequently, on April 3, 2008, Petitioner has been released from Bureau of Prisons ("BOP") custody. *See* BOP Inmate Locator at www.bop.gov [2]

---

of Civil Procedure 12(b)(1), not Rule 12(b)(6). *See, e.g., Bland v. Fessler*, 88 F.3d 729, 732 n. 4 (9th Cir.1996) (*citing Gemtel Corp. v. Community Redevelopment Agency*, 23 F.3d 1542, 1544 n. 1 (9th Cir.1994)). With a factual Rule 12(b)(1) attack, however, a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. *Gemtel Corp.*, 23 F.3d at 1544 n. 1 (*citing Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir.1986)).

[2] Courts can take judicial notice of information on the BOP Inmate Locator Service. *See Harvey v. Eichenlaub*, 2007 WL 2782249 (E.D. Mich.). The Federal Rules of Evidence permit a District Court to take judicial notice of facts that are "not subject to reasonable dispute." Fed.R.Civ.P. 201(b). "A judicially noticed fact must either be generally known within the jurisdiction of the trial court, or be capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be question." *Werner v. Werner*, 267 F.3d 288, 295 (3d Cir.2001).

Respondent's Motion To Dismiss
*Bhullar v. Clark*, C-07-3937-SBA                    2

## ARGUMENT

### THIS HABEAS PETITION IS MOOT AS PETITIONER HAS COMPLETED HER FEDERAL SENTENCE AND IS NO LONGER IN BOP CUSTODY.

As Petitioner has completed her sentence and has been released from BOP custody, a favorable decision requiring the BOP to evaluate Petitioner without regard to the 10% limitation would not redress any injury. Therefore, this petition should be dismissed as moot. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them"); *Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir.1996); *see also Muniz v. Sabol*, 2008 WL 497056, at *3, fn. 9 (1st Cir.) (Matter moot for inmate who was already released, but not moot for inmate who did not yet transfer to a RRC)*; Harvey v. Eichenlaub*, 2007 WL 2782249 (E.D. Mich.) ("Because Petitioner has been released from BOP custody completely, the Court concludes that there remains no actual injury which the Court would redress with a favorable decision.")

## CONCLUSION

Respondent respectfully submits that this case should be dismissed as moot as Petitioner has served her sentence and has been released from BOP custody.

Dated: April 23, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

By: ____/s/_____
Dennis M. Wong
Special Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the U.S. Department of Justice, and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**NOTICE OF MOTION AND MOTION TO DISMISS BASED ON MOOTNESS AND PROPOSED ORDER TO DISMISS** to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

__X__       **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____       **PERSONAL SERVICE (BY MESSENGER)**

____       **FACSIMILE (FAX)** Telephone No.:

to the parties addressed as follows:

Ms. Luz Elvia Bhullar
3881 Eureka Road, #1403
Roseville, CA 95651

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of April, at Dublin, California.

_____
Maria Syed, Paralegal

Respondent's Motion To Dismiss
*Bhullar v. Clark*, C-07-3937-SBA            4